IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SAFE HARBOR INTERNATIONAL, LLC, on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Case No. 8: 25-cv-00139-LKG |

**UNITED STATES' MOTION TO DISMISS**

The United States of America ("United States"), on behalf of the improperly named defendants Internal Revenue Service ("IRS") and the U.S. Department of the Treasury ("Treasury")[1], files this Motion to Dismiss Putative Class Plaintiffs' claim against the United States for the unlawful inspection and disclosure of their return information in violation of 26 U.S.C. § 6103. As explained below, the United States has not waived its sovereign immunity for the unauthorized inspection or disclosure of return information by persons who are not officers or employees of the United States. Because the person responsible for the alleged disclosures was a contractor—and not an officer or employee of the United States—the Putative Class Plaintiffs' claim against the United States should be dismissed.

**INTRODUCTION**

The United States' motion is grounded in a straightforward and harmonious application of Sections 6103 and 7431 of the Internal Revenue Code. Section 6103 provides that return

---

[1] In a wrongful disclosure suit under 26 U.S.C. § 7431(a)(1), the proper party defendant is the United States. And so, the United States requests that it be substituted as defendant for the IRS and Treasury.

1

information shall be confidential and lists to whom and for what purpose tax return information may be disclosed. Relevant here, it contains separate authorizations to disclose return information to officers or employees of the United States, or to other persons, such as contractors. Section 7431(a) of the Internal Revenue Code mirrors § 6103's distinction between officer or employees of the United States and contractors. Section 7431(a)(1) waives sovereign immunity *only* for the unlawful inspection and/or disclosure by an officer or employee of the United States. There is no waiver of sovereign immunity for disclosures by "other persons." If the person who made the alleged unlawful inspection or disclosure is someone other than an officer or employee of the United States, the claim must be brought against that person under § 7431(a)(2). Whether a person is an officer or employee of the United States or a contractor for purposes of § 7431 is determined by their authorization to receive tax return information under § 6103.

      The Putative Class Plaintiffs' claim against the United States falls outside the waiver of sovereign immunity in 26 U.S.C. § 7431(a)(1). The individual who unlawfully inspected or disclosed their return information was Charles Edward Littlejohn ("Mr. Littlejohn"). Mr. Littlejohn was a Booz Allen Hamilton ("BAH") employee who BAH assigned to work on its contract with the IRS. According to the Complaint, Mr. Littlejohn had authorized access to return information via 26 U.S.C. § 6103(n), which authorizes disclosure of return information to contractors, not officers or employees of the United States. The disclosure of return information to IRS employees for matters pertaining to tax administration is authorized by § 6103(h). Because Mr. Littlejohn had no access to return information under § 6103(h), he obtained—and illegally disclosed—Plaintiffs' confidential return information as an "other person" under § 6103.

2

Thus, Plaintiffs' claim under § 7431(a)(1) cannot proceed as if Mr. Littlejohn were "an officer or employee of the United States."

Recognizing that Mr. Littlejohn was never a federal employee, Putative Class Plaintiffs seek to apply the common law control test to impermissibly expand § 7431(a)(1)'s limited waiver of sovereign immunity and impute his illegal disclosures to the United States. The Court need not—and indeed should not—resort to the common law control test to divine the meaning of the phrase "officer or employee of the United States." Both § 7431 and § 6103 distinguish between officers or employees of the United States and contractors ("other persons"). *Compare* 26 U.S.C. § 6103(n) (authorizing the disclosure of return information to "any person" to the extent necessary in connection with the provision of services for purposes of tax administration) *with* 26 U.S.C. § 6103(h)(1) (making returns and return information open to inspection by officers and employees of the Department of Treasury whose official duties require it for tax administration purposes). Applying the control test to determine whether there has been an unambiguous waiver of the government's sovereign immunity requires the Court to ignore these distinctions and expand § 7431(a)(1)'s narrow waiver of sovereign immunity beyond the text and purpose of the statute. The court should decline the Putative Class Plaintiffs' invitation to disregard canons of statutory interpretation in favor of guesswork.

## BACKGROUND

In 2020, the New York Times published an article discussing the tax return information of the President of the United States. ECF 24 ¶ 43. Then, in 2021 and 2022, ProPublica published a series of articles reporting on the tax return information of several of the wealthiest U.S. taxpayers. *Id*. ¶ 45. An investigation into the source of the disclosures of tax return information to the New York Times and ProPublica ensued.

This investigation led to an Information filed against Mr. Littlejohn in the United States District Court for the District of Columbia on September 29, 2023. The Information charged Mr. Littlejohn, an employee of a consulting firm that contracts with the IRS, with unlawfully disclosing return information in violation of 26 U.S.C. § 7213(a)(1). *Id*. at Ex. A. Mr. Littlejohn later pleaded guilty and was sentenced to 5 years in prison. *United States v. Littlejohn*, 1:23-cr-343 (D.D.C.), ECF No. 8.

Following Mr. Littlejohn's sentencing, the IRS sent notices to taxpayers whose return information was unlawfully inspected or disclosed by Mr. Littlejohn as required by § 7431(e). Putative Class Plaintiffs received such notices, which were dated April 12, 2024, June 21, 2024, and December 16, 2024. ECF No. 24-1 at 2. The notice stated that an IRS "contractor has been charged with the unauthorized inspection or disclosure of your tax return or return information, between 2019 and 2020." *Id.* The notice included copies of § 7431 and the Information filed against Mr. Littlejohn. *Id.* at 3-4. The Information states that Mr. Littlejohn "served as a contractor," "primarily worked on contracts" BAH had with the IRS, and had access to return information under 26 U.S.C. § 6103(n) "for purposes of tax administration." *Id.* at 4.

Despite the notice and criminal filings identifying Mr. Littlejohn as a contractor, Putative Class Plaintiffs sued the United States under 26 U.S.C. § 7431(a)(1), alleging that Mr. Littlejohn was simultaneously an employee of both the IRS and BAH. ECF 24 ¶¶ 15-16; ECF 24-1. In one paragraph, Putative Class Plaintiffs allege Mr. Littlejohn was hired by BAH in 2017 as an associate in the finance and economic development practice to perform on BAH's contracts with the IRS. ECF 24 ¶ 15. In the next paragraph, Putative Class Plaintiffs allege that Mr. Littlejohn was also an employee of the IRS because the IRS provided him with access to IRS systems, a Government Accountability Office ("GAO") report says that the IRS has employees that oversee

contracts, and the IRS had the right to terminate Mr. Littlejohn. ECF 24 ¶ 16. The United States disputes this allegation, which is both irrelevant and contrary to the IRS notice attached to the complaint *and* Putative Class Plaintiffs' allegation that Mr. Littlejohn had access to return information under § 6103(n), which permits the disclosure of return information to contractors, not IRS employees. ECF 24 ¶ 48.

## STANDARD OF REVIEW

Under the doctrine of sovereign immunity, the United States is immune from suit without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990). And when a waiver of sovereign immunity exists, it must be "strictly construed" in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). For that reason, the burden is on the plaintiff to show an "unequivocal" waiver of sovereign immunity and that its claim falls within that waiver. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). If the plaintiff cannot meet its burden, the complaint must be dismissed. *Id.*

The Putative Class Plaintiffs cannot meet their burden to show an unequivocal waiver of sovereign immunity for the wrongful disclosure of return information by an IRS contractor. The waiver of sovereign immunity for an unauthorized disclosure suit against the United States under § 7431 is, by the terms of § 7431 itself, tied to a "violation of any provision of § 6103." Thus, the access to return information under section 6103 is key to determining whether jurisdiction exists under § 7431.

## ARGUMENT

The United States' waiver of sovereign immunity in § 7431(a)(1) applies *only* to actions by a federal officer or employee. Because the person responsible for the unauthorized disclosures was not an officer or employee of the United States, Putative Class Plaintiffs' claim against the

United States falls outside § 7431(a)(1)'s limited waiver of sovereign immunity and must be dismissed.

Putative Class Plaintiffs allege that the person responsible for the disclosures at issue—Mr. Littlejohn—was an employee of BAH at all relevant times. ECF 24 ¶ 15. Indeed, Putative Class Plaintiffs admit that Mr. Littlejohn had access to return information under 26 U.S.C. § 6103(n), which authorizes disclosure of return information to contractors. At the same time, Putative Class Plaintiffs mislabel Mr. Littlejohn an IRS employee. But, as a matter of law, IRS employees have access to return information under § 6103(h)(1), not § 6103(n). Thus, taking the factual allegation that Mr. Littlejohn had access to return information under § 6103(n) as true, Mr. Littlejohn is not "an officer or employee of the United States" under §§ 6103 or 7431.[2] And so, the United States has not waived its sovereign immunity for Mr. Littlejohn's unlawful disclosures.

Putative Class Plaintiffs attempt to impermissibly expand § 7431(a)(1) by asserting that Mr. Littlejohn may be an employee of the United States under the common law control test. That test is inapplicable to § 7431(a)(1). The statutory framework for the protection of tax return information distinguishes between officers and employees of the United States and contractors.

---

[2] Conversely, the Court is not obliged to accept Putative Class Plaintiffs' allegation that Mr. Littlejohn is an "officer or employee of the United States" as true. ECF 24 ¶ 16. That allegation is a legal conclusion that Plaintiffs make to fit their claim under § 7431(a)(1). But a plaintiff must allege more than legal conclusions—a plaintiff must allege facts that plausibly support its legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). For reasons discussed below, the nonconclusory factual allegations do not come close to plausibly supporting the conclusion that Mr. Littlejohn, who had access to return information under § 6103(n), was an officer or employee of the United States under §§ 6103(a) and 7431(a)(1).

Thus, there is no need to expand § 7431(a)(1)'s waiver of sovereign immunity to include violations of § 6103 by persons who meet the common law control test.

### A. CONGRESS HAS NOT WAIVED SOVEREIGN IMMUNITY FOR ALLEGED UNLAWFUL INSPECTION OR DISCLOSURES BY CONTRACTORS.

Section 6103(a) of the Internal Revenue Code provides that tax returns and return information shall be confidential and not disclosed unless authorized by statute. Section 6103 specifies three categories of persons to which it applies, two of which are relevant here. First, § 6103's duty of confidentiality extends to "officer[s] and employee[s]f of the United States." 26 U.S.C. § 6103(a)(1). Separately, the duty extends to "other person[s]" and their "officer[s] or employee[s]"—including an "employee" of an "other person" who has access to return information as a contractor under § 6103(n). 26 U.S.C. § 6103(a)(3).

Section 7431 creates two mutually exclusive remedies for violations of § 6103. These separate remedies mirror § 6103's distinction between officers and employees of the United States and "other persons." Under § 7431(a)(1), a taxpayer may sue the United States if the person who disclosed return information in violation of § 6103 is an officer or employee of the United States. Under § 7431(a)(2), if the person who made the unauthorized inspection or disclosure was not an officer or employee of the United States, the taxpayer may sue "such person." 26 U.S.C. § 7431(a)(2). Thus, whether a taxpayer may seek relief against the United States under § 7431(a)(1)'s limited waiver of sovereign immunity turns on whether the person responsible is an officer or employee of the United States. *See Teno v. Iwanski*, 382 F. Supp. 3d 803, 809 (E.D. Tenn. 2019) (explaining that who the defendant is in a wrongful disclosure suit depends on who made the alleged unlawful disclosure).

Section 7431 does not define the phrase "officer or employee of the United States." But § 7431's creation of separate remedies based on who made the unauthorized disclosure is harmonious with the statutory scheme for the protection of return information. *See Yates v. Hendon*, 541 U.S. 1, 12-16 (2004) (explaining there is no need to resort to common law to define undefined terms when the statutory scheme provides "specific guidance" on the statute's meaning); *see also King v. Burwell*, 576 U.S. 473, 486 (2015) ("[W]e must read *words* in their context and with *a view to their place in the overall statutory scheme*. Our duty, after all, is to construe statutes, not isolated provisions.") (emphasis added) (cleaned up); *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). Indeed, the relevant statutes and regulations distinguish between officers and employees of the United States and other persons such as contractors. And so, looking at those statutes and regulations, rather than common law, answers the question of who is "an officer or employee of the United States."

As noted above, § 6103(a) identifies separate categories of persons who are bound by § 6103 including, "officer[s] or employee[s] of the United States," 26 U.S.C. § 6103(a)(1), and "other person[s]" or their "officer[s] or employee[s]," like contractors who have access under § 6103(n), 26 U.S.C. § 6103(a)(3). Section 6103 also contains separate authorizations to disclose return information to officers and employees of the United States and contractors like Mr. Littlejohn. *Compare* 26 U.S.C. §§ 6103(h)(1) (disclosure to Treasury employees for the purposes of tax administration), (h)(2) (disclosure to Department of Justice employees in matters involving tax administration), (i) (disclosure to federal officers and employees for administration of laws not related to tax administration) *with* 26 U.S.C. § 6103(n) (under regulations, disclosure

to "any person . . . to the extent necessary in connection with . . . the providing of other services, for purposes of tax administration"). Section 6103's distinction between officers and employes of the United States and contractors carries over to § 7431(a), which provides separate causes of action depending on who made the unlawful disclosure. Likewise, the criminal statutes for the unauthorized disclosure and inspection of tax return information distinguish between officers or employees of the United States and "any person described in section 6103(n)." 26 U.S.C. § 7213(a); *see also* 26 U.S.C. § 7213A(a)(1).

Taken together, these statutes show that Congress consistently treats officers and employees of the United States separately from other persons or their employees, such as contractors, who have access to return information under § 6103(n). Thus, the phrase "officer or employee of the United States" does not include contractors who have access to return information under § 6103(n). Such persons are "other persons" under § 6103(a)(3).

In short, for violations of § 6103 by officers or employees of the United States, the remedy is to sue the United States under 26 U.S.C. § 7431(a)(1). And for violations of § 6103 by other persons who have access to return information under subsection (n), the remedy is a suit against that person under 26 U.S.C. § 7431(a)(2). *See Crismar Corp. v. United States*, No. CIV. A. 88-5205, 1989 WL 98843, at *2 (E.D. La. Aug. 22, 1989) ("[T]he scope of persons liable under Sec. 7431(a)(2), . . . is limited by Sec. 6103(a)(2) and (3).").

As alleged in the complaint, Mr. Littlejohn was a contractor who had access to return information under § 6103(n). ECF 24 ¶¶ 48; ECF 24-1 at 2, 4. Thus, Mr. Littlejohn is an "other person" or an "employee thereof" under § 6103(a)(3), and not an "officer or employee of the United States" under § 6103(a)(1). It follows then that Mr. Littlejohn cannot be an "officer or employee of the United States" under § 7431(a)(1). He is a "person who is not an officer or

9

employee of the United States" under § 7431(a)(2). Congress's separate treatment of officers and employees of the United States and other persons throughout the statutory scheme protecting confidential return information compels this result. Indeed, any other result would impermissibly expand § 7431(a)(1)'s limited waiver of sovereign immunity in beyond Congress's clear intent. *See Doe v. Chao*, 306 F.3d 170, 179 (4th Cir. 2002) (explaining that a waiver of sovereign immunity must not be "enlarged beyond what the statute requires" and that the scope of a waiver must also "be strictly construed") (citations omitted).

Recognizing the limited scope of § 7431(a)(1)'s waiver of sovereign immunity, Putative Class Plaintiffs mislabel Mr. Littlejohn as an IRS employee. ECF 24 ¶ 16. But § 6103 tells us that this conclusory label cannot stick. Recall that Putative Class Plaintiffs concede, as it must, that Mr. Littlejohn had access to return information under § 6103(n). ECF 24 ¶ 48; ECF 24-1 at 2, 4. That subsection authorizes the disclosure of returns or return information "to any person," such as a contractor, "to the extent necessary . . . for purposes of tax administration." 26 U.S.C. § 6103(n); *see also* 26 C.F.R. § 301.6103(n)-1(a)(1) (authorizing officers and employees of the Treasury Department and other specified agencies to disclose return information to contractors). By contrast, IRS employees are authorized to receive returns and return information under § 6103(h)(1). Section 6103(h)(1) provides that returns and return information "shall, without written request, be open to inspection by or disclosure to officers or employees of the [IRS] whose official duties require such inspection or disclosure for tax administration purposes." 26 U.S.C. § 6103(h)(1). Because Mr. Littlejohn had access to return information under § 6103(n), not § 6103(h)(1), Mr. Littlejohn is an "other person (or officer or employee thereof)" under § 6103(a)(3), not an "officer or employee of the United States" under § 6103(a)(1).

10

Having shown that Mr. Littlejohn is not an "officer and employee of the United States" under § 6103, can he still be an officer or employee of United States under § 7431(a)(1)? No. Section 7431(a), like § 6103, treats separately persons who are officers and employees of the United States and those who are not. For unlawful disclosures made by IRS employees who have access to returns or return information under § 6103(h)(1), the remedy is a suit against the United States. *See* 26 U.S.C. § 7431(a)(1). For alleged unlawful disclosures by contractors that have access to returns and return information under 26 U.S.C. § 6103(n), the remedy is a suit against the contractor under 26 U.S.C. § 7431(a)(2). Because Mr. Littlejohn had access to return information under § 6103(n), he cannot be an officer or employee of the United States under § 7431(a)(1). For that reason, Putative Class Plaintiffs' claim against the United States falls outside § 7431(a)(1)'s limited waiver of sovereign immunity, and their claim against the United States must be dismissed.

### B. THE COMMON LAW EMPLOYEE TEST IS INAPPLICABLE TO UNLAWFUL DISCLOSURE AND INSPECTION CLAIMS.

Recognizing that a plain reading of the statute does not permit a claim against the United States, Putative Class Plaintiffs attempt to paint Mr. Littlejohn as a de facto employee under the common law control test (the "control test"). That test, which originates from Federal Torts Claims Act ("FTCA") caselaw, does not apply to wrongful disclosure actions under § 7431(a)(1). As discussed above, the statutory scheme for the protection of return information does not leave room for the common law control test. And as discussed below, there is no reason to graft the control test under the FTCA onto § 7431(a)(1).

Courts use the control test to determine the limits of the FTCA's waiver of sovereign immunity. The FTCA makes "the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United*

11

*States v. Orleans*, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b). The FTCA defines key terms such as "Federal agency" and "employee of the government." 28 U.S.C. § 2671. The definition of "Federal agency" excludes contractors, but the definition of "employee of the government" includes "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." *Id.* And so, although the FTCA's waiver of sovereign immunity does not apply to contractors, it applies to agents of the Government. Thus, courts look to common law agency principles to determine whether a contractor is an agent or an independent contractor. *See Logue v. United States*, 412 U.S. 521, 527 (1973).

As the Supreme Court explained, "the 'contractor with the United States' language of [§] 2671 adopts the traditional distinction between employees of the principal and employees of an independent contractor with the principal[.]" *Id*. That common-law rule makes a "distinction between the liability of an employer for the *negligent acts* of his own employees and his liability for the employees of a party with whom he contracts for a specified performance." *Id.* (Emphasis added). And so, whether a contractor's relationship with the Government is that of an agent or independent contractor turns on the authority of the Government "to control the physical conduct of the contractor in the performance of the contract." *Id.*

The control test is inapplicable to § 7431(a)(1). The statutory language that gave rise to the control test applies *only* to the FTCA. *See* 28 U.S.C. § 2671 (definitions of federal agency and employee of the government apply only "in this chapter and section 1346(b) and 2401(b) of" Title 28). Thus, the limits of § 7431(a)(1)'s waiver of sovereign immunity must be determined from the Internal Revenue Code. As discussed in the previous section, the Internal Revenue Code's provisions for the protection of tax return information distinguish between officers and

12

employees of the United States and other persons, such as contractors, who have access to return information under § 6103(n). To apply the control test to § 7431(a)(1) would erase that distinction and broaden the waiver of sovereign immunity beyond the plain language of the statute.

And yet, Putative Class Plaintiffs attempt to inject this common law test into a statutory scheme that is neatly defined by § 6103. Caselaw, however, instructs that injecting this complexity to an unambiguous statutory scheme should be rejected. As the Seventh Circuit succinctly summarized in a recent FTCA case:

> [C]ourts may reference traditional principles of agency law, i.e., the strict control test, when interpreting the undefined terms 'employee' and 'contractor'. But courts should begin with the statutory language if federal law creates the relationship under review. *If the statutory framework makes clear that individual is an employee or a contractor, the analysis ends*.

*Talignani v. United States*, 26 F.4th 379, 384 (7th Cir. 2022) (Emphasis added). Here, the statutory framework for the protection of return information makes clear if an individual is an employee or a contractor. The distinction is apparent when comparing § 6103(a)(1) ("no officer or employee of the United States") with § 6103(a)(3) ("no other person . . . who has or had access to returns or return information under . . . subsection (n)"). From that starting point, § 6103 and the civil and criminal statutes for violations of § 6103 maintain the distinction between Government employees and other persons such as contractors. Separate provisions cover access to return information. *See* 26 U.S.C. §§ 6103(h)(1), (h)(2), (i), and (n). Separate civil remedies exist depending on who made the disclosure. *See* 26 U.S.C. § 7431(a). And the criminal statutes echo the distinction from § 6103(a). *See* 26 U.S.C. §§ 7213, 7213A. Thus, under the statutory framework, an individual's status as an employee or contractor turns on the individual's

authorization to access return information. Because Putative Class Plaintiffs admit that Mr. Littlejohn had access to return information under § 6103(n), the analysis ends here.

Tethering their claim to Mr. Littlejohn's "staff-like access" to confidential tax return information is a red herring. There's no dispute that Mr. Littlejohn exploited his ability to obtain confidential taxpayer for illicit purposes. While the United States deeply regrets that Mr. Littlejohn did so, his access to taxpayer return information under § 6103(n) was a necessary component of the job Booz Allen sent him to the IRS to perform. To claim that Mr. Littlejohn's access to return information as a contractor makes him a federal employee within the meaning of § 7431(a)(1) renders the cause of action provided in § 7431(a)(2) superfluous. Mr. Littlejohn is not an officer or employee of the United States, and there is no need for the control test.

The United States recognizes that the court in *Griffin v. Internal Revenue Service* denied the Government's motion to dismiss a wrongful disclosure claim concerning Mr. Littlejohn's conduct. 730 F. Supp. 3d 1312, 1318 (S.D. Fla. 2024). But this Court should decline any invitation to follow *Griffin*. The *Griffin* court never addressed the United States' argument that §§ 6103 and 7431 must be read together to answer the question of whether Mr. Littlejohn—a contractor—can be an officer or employee of the United States. Nor did the *Griffin* court explore whether the control test was necessary given the unambiguous statutory scheme enacted by Congress, or even explicitly adopt the control test. But these legal questions are the bedrock of the statutory interpretation this Court must perform to determine whether the United States waived its sovereign immunity for damages suits arising from the wrongful disclosures of individuals who are not federal employees.

Putative Class Plaintiffs and Griffin also presented their claims differently. In *Griffin*, the plaintiff alleged only that Mr. Littlejohn was an officer or employee of the United States. Case

No. 1:22-cv-24023, Dkt. No. 55 ¶ 23 (S.D. Fla.). By contrast, Putative Class Plaintiffs allege that Mr. Littlejohn was both an employee of BAH and IRS and that Mr. Littlejohn had access to return information under § 6103(n). Thus, the allegations of the consolidated complaint require a threshold determination on whether, as a matter of statutory interpretation, a § 6103(n) contractor like Mr. Littlejohn can be considered an officer or employee of the United States under §§ 6103 and 7431(a)(1) of the Internal Revenue Code.

In sum, there is no basis to extend the control test to § 7431(a)(1). The statutory framework delineates who under § 6103 is an officer or employee of the United States and who is an "other person." Mr. Littlejohn, based on his access to return information under § 6103(n), is an "other person," and thus not an officer or employee of the United States. The claim against the United States should be dismissed.

## **CONCLUSION**

The Court should dismiss Putative Class Plaintiffs' unlawful disclosure claim against the United States. Putative Class Plaintiffs admit that Mr. Littlejohn has access to return information under 26 U.S.C. § 6103(n) which precludes any liability of the United States under 26 U.S.C. § 7431(a)(1). The inquiry should end there. But even if it does not, Putative Class Plaintiffs' appeal to the common law is misplaced in the face of clear Congressional intent. Because Mr. Littlejohn was a BAH employee working on IRS contracts, the United States is not liable under § 7431(a)(1).

Dated: July 23, 2025            Respectfully submitted,

           /s/ *Nicholas S. Willingham*
           NICHOLAS S. WILLINGHAM
           U.S. Department of Justice
           Trial Attorney, Tax Division
           P.O. Box 14198
           Washington, D.C. 20044
           Telephone: (202) 307–6445
           Facsimile: (202) 514–4963
           Nicholas.Willingham@usdoj.gov

           Counsel for the United States of America

## CERTIFICATE OF SERVICE

I certify that on July 23, 2025, a true and correct copy of this document was filed electronically through the Court's CM/ECF filing system, which will serve a copy of this filing on all counsel of record.

           /s/ *Nicholas S. Willingham*
           NICHOLAS S. WILLINGHAM
           Trial Attorney, Tax Division
           U.S. Department of Justice