IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SAFE HARBOR INTERNATIONAL LLC, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BOOZ ALLEN HAMILTON, INC., *et al.*,<br><br>    Defendants. | Civil Action No. 25-cv-00139-LKG<br><br>Dated: October 3, 2025 |

## STAY ORDER

On August 14, 2025, the Court set a briefing schedule for Defendants the Internal Revenue Service and the U.S. Department of the Treasury (the "Government Defendants") motion to dismiss and Defendant Booz Allen Hamilton's motion to dismiss in the above-captioned civil action. ECF No. 43. The reply briefs for the Government Defendants and Defendant Booz Allen Hamilton are due on October 6, 2025. *See id*.

On October 1, 2025, the Government Defendants filed a motion to stay all deadlines related to the Plaintiffs' claims against them, until Congress restores appropriations to the Department of Justice. ECF No. 48. In support of its motion, the Government Defendants state that their counsel is prohibited from working except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." *Id*. at 1 (citing 31 U.S.C. § 1342). The Plaintiffs consent to the stay of the deadlines against the Government Defendants only. *See* ECF No. 50.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013) (internal citation omitted). And so, this Court considers the following factors when staying proceedings: (1) "the length of the requested stay[;]" (2) "the hardship that the movant would face if the motion were denied[;]" (3) "the burden a stay would impose on the nonmovant[;]" and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *Id*. at 501-02.

The Court is satisfied that judicial economy warrants a stay of proceedings, because the Plaintiffs consent to the stay and the Government Defendants would be prohibited from working on their reply brief, currently due on October 6, 2025.

In light of the foregoing, and for good cause shown, the Court:

(1) **GRANTS** the Government Defendants' motion to stay (ECF No. 48);

(2) **STAYS** all deadlines in this matter as to the Government Defendants only, until appropriations have been restored;

(3) **DIRECTS** the Government Defendants to file a status report to the Court within two business days of when Government appropriations have been restored.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge