**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| SAFE HARBOR INTERNATIONAL, LLC, et al., on behalf of itself and all others similarly situated<br><br>　　Plaintiffs,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　Defendants. | Case No. 8:25-cv-00139-LKG |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Sovereign immunity bars Putative Class Plaintiffs' claim against the United States for the unauthorized disclosure of return information by IRS contractor Charles Edward Littlejohn. The United States' waiver of sovereign immunity for unauthorized disclosure claims extends only to the actions of "officers and employees of the United States." 26 U.S.C. § 7431(a)(1). For unauthorized disclosures by other persons, like contractors, the remedy is a suit against that person. 26 U.S.C. § 7431(a)(2).

Section 6103 identifies who can access and disclose return information and governs how § 7431(a) assigns liability for its unauthorized disclosure. Persons authorized to access tax return information under §§ 6103(h) and (i) are officers or employees of the United States. Conversely, contractors authorized by § 6103(n) to access return information are "other persons." Plaintiffs' Consolidated Complaint states (and the United States admits) that Mr. Littlejohn was authorized by § 6103(n) to access taxpayers' return information. By covertly conveying that information to ProPublica, he violated § 6103(a)(3), which states that "no **other person** (or officer or employee thereof) who has access to returns or return information under [§ 6103(n)] shall disclose any

1

return information obtained by him . . ." (Emphasis added.) The plain text of § 7431(a)(2) clearly states that liability for that disclosure falls on "**such person**," not the United States.

In response to the United States' motion to dismiss, Plaintiffs attempt to sidestep our facial challenge to the Court's subject matter jurisdiction over this suit by ignoring this straightforward statutory analysis. First, Plaintiffs argue that they have sufficiently pleaded that Mr. Littlejohn is an officer or employee of the United States under the common law control test.[1] Plaintiffs offer no rationale to apply the control test—with its origins in common law tort claims—to a purely statutory cause of action without a common law analogue. The Court need look only to § 6103 to see that Congress set clear lines between officers or employees of the United States and other persons in the statutory framework that protects return information. Those lines must be respected. Otherwise, the Court will expand § 7431(a)(1)'s narrow waiver of sovereign immunity beyond Congressional intent.

Second, Plaintiffs argue that the Internal Revenue Manual ("IRM") confirms Mr. Littlejohn's status as an IRS employee. Plaintiffs concede, however, that the IRM does not carry the force of law, and it certainly cannot serve as a waiver of sovereign immunity. Nor does it confer taxpayers with substantive rights. Regardless, the inclusion of "all contractors who have staff-like access" in the definition of "employee" is not a statement of fact, but a phrase of convenience to avoid having to state "IRS employee *and contractors who have staff-like access*" throughout the unauthorized disclosure provisions of the IRM. Read in context, the IRM offers no guidance or persuasive value. At all times, Mr. Littlejohn was a contractor who wrongfully

---

[1] In a nutshell, Plaintiffs assert that the control test allegations defeat any facial challenge to the claim against the United States. This argument seeks to transform a question of statutory interpretation into a factfinding exercise that undermines the carefully chosen distinctions that define the limits of the government's waiver of sovereign immunity.

disclosed taxpayer return information he obtained under § 6103(n). The United States cannot be held liable for his illegal conduct.

## ARGUMENT

**A.    The statutory framework for the protection of return information defines who is an officer or employee of the United States for claims under § 7431(a)(1).**

Plaintiffs ask this Court to read § 7431(a)(1) in a vacuum. But that statute must be read within the context of the statutory framework for the protection of return information. Sections 7431(a) and 6103, when read together, cast aside any notion that Congress incorporated the common law control test into § 7431(a)(1)'s limited sovereign immunity waiver.

Plaintiffs' attempt to inject the common law control test into § 7431(a)(1) fails for two reasons. First, Congress specified who is and who is not an officer or employee of the United States through its separate authorizations for access to return information in § 6103. Second, the cases cited by Plaintiffs applying general agency principles do not apply, and the cases applying the control test have minimal, if any, persuasive value when §§ 6103 and 7431(a)(1) are read together (as they must be). Thus, the Court should dismiss Count I against the United States.

**1.    Mr. Littlejohn is an "other person" under § 6103(a)(3), and therefore he is not an "officer or employee of the United States" under § 7431(a)(1).**

Plaintiffs never engage with the United States' argument that Mr. Littlejohn's status as an "other person" under § 6103(a)(3) forecloses any argument that he is "an officer or employee of the United States" under § 7431(a)(1). In fact, Plaintiffs ignore § 6103 entirely. They look only to the text of § 7431. According to Plaintiffs, the lack of a definition of "officer or employee of the United States" in § 7431 shows that Congress incorporated the common law control test into the statute. But one cannot divorce § 7431 from § 6103. These statutes are intertwined. Indeed, § 7431 explicitly incorporates § 6103. And when read together, the statutes produce one result: Mr.

Littlejohn is not an officer or employee of the United States. Thus, any potential liability for his conduct must be pleaded under § 7431(a)(2).

Section 6103 identifies three categories of persons bound by § 6103. Relevant here, the statute applies to officers or employees of the United States and other persons, such as contractors with access to return information under § 6103(n) (certain other persons). 26 U.S.C. § 6103(a)(1) ("officer or employee of the United States"), § 6103(a)(3) ("other person (*or officer or employee thereof*)") (emphasis added). Plaintiffs attempt to paint Mr. Littlejohn—an "other person (or officer or employee thereof)" under § 6103(a)(3)—as "an officer or employee of the United States" under § 7431(a)(1). But Plaintiffs never explain why the same words should have different meanings in different sections of Title 26. Under Plaintiffs' theory, the term "officer or employee of the United States" in § 6103 *excludes* "other persons" but the same phrase in § 7431(a)(1) *includes* "other persons" (such as contracts like Mr. Littlejohn). But Plaintiffs offer no basis to attribute different definitions for the same words used in the same context and appearing in the same chapter and title of the U.S. Code. These sections must be read consistent with each other. Failure to do so results in an improper expansion of the Government's limited waiver of sovereign immunity.

Recall that Plaintiffs allege that Mr. Littlejohn had access to return information under § 6103(n). ECF 24 at ¶ 48. A person with access to return information under § 6103(n) falls squarely within the provision of § 6103(a)(3) (defining "other person (or officer or employee thereof)" by access to return information, including under subsection (n)). Plaintiffs admit as much in their claim against BAH. ECF 24 at ¶ 84. Indeed, Plaintiffs make no argument that Mr. Littlejohn should be treated as "an officer or employee of the United States" under § 6103(a)(1). Nor can they. Officers and employees of the United States have access to return information

under §§ 6103(h) and (i)—not § 6103(n). *Compare* 26 U.S.C. § 6103(h) ("Disclosure to certain *Federal officers and employees* for purposes of tax administration, etc." (emphasis added)) *and* 26 U.S.C. § 6103(i) ("Disclosure to *Federal officers or employees* for administration of Federal laws not relating to tax administration" (emphasis added)) *with* 26 U.S.C. § 6103(n) ("Certain *other persons*") (emphasis added). Mr. Littlejohn's access to return information under § 6103(n) dictates that he is an "other person" under § 6103(a)(3). And his status as an "other person" under § 6103(n) and § 6103(a)(3) means he cannot be "an officer or employee of the United States" under § 7431(a)(1).

The text of § 6103(a)(3) further shows that Mr. Littlejohn falls in the category of an "other person." That statute provides that "no other person (*and officer or employee thereof*)" with access to return information under, among other provisions, subsection (n), shall disclose return information without authorization. (emphasis added). The parenthetical "and officer or employees thereof" makes clear that an officer or employee of an "other person" is not—and cannot be—an officer or employee of the United States. But as Plaintiffs allege, Mr. Littlejohn's formal employer was BAH—an "other person" under § 6103(a)(3). ECF 24 at ¶ 84. Thus, Mr. Littlejohn must also be an "other person" under § 6103(a)(3).

Section 7431(a) incorporates § 6103's distinction between officers and employees of the United States and other persons. It creates separate remedies for unauthorized disclosures by officers or employees of the United States and persons who are not officers or employees of the United States. *See* 26 U.S.C. § 7431(a)(1)–(2); *see also Crismar Corp. v. United States*, No. CIV. A. 88-5205, 1989 WL 98843, at *2 (E.D. La. Aug. 22, 1989) ("[T]he scope of persons liable under Sec. 7431(a)(2), . . . is limited by Sec. 6103(a)(2) and (3)."). And because § 7431(a), like § 6103, differentiates between officers and employees of the United States and other persons, the

term "officer or employee of the United States" must be given the same meaning in each section. *Compare* 26 U.S.C. § 6103(a)(1) ("officer or employee of the United States") *and* 26 U.S.C. § 6103(a)(3) ("other person (of officer or employee thereof)") *with* 26 U.S.C. § 7431(a)(1) ("officer or employee of the United States") *and* 26 U.S.C. § 7431(a)(2) ("any person who is not an officer or employee of the United States").

Plaintiffs ignore this relationship between §§ 6103 and 7431 when advocating for the common law control test. But interpreting § 7431(a)(1) in isolation is incorrect; § 7431(a)(1) must be read within the context Title 26 as a whole. Plaintiffs concede this point by referring to other provisions of § 6103 to define terms in § 7431, such as the definition of "return information" in § 6103(b). ECF 24 at ¶ 70–72.[2] Likewise, § 6103 informs who is an "officer or employee of the United States." As we explained in our motion to dismiss, "[i]f the statutory framework makes clear that an individual is an employee or contractor," the common law control test does not apply. *Talignani v. United States*, 26 F.4th 379, 384 (7th Cir. 2022). And as discussed above, the statutory framework of § 6103 makes clear that persons who access return information under § 6103(n) are not officers or employees of the United States. Because Mr. Littlejohn accessed return information under § 6103(n), he is an "other person (or officer or employee thereof)" under § 6103(a)(3). Thus, Mr. Littlejohn is not an officer or employee of the United States under § 6103(a)(1) or § 7431(a)(1), and Count I must be dismissed.

---

[2] Plaintiffs' argument to apply the common law to § 7431(a)(1) is also undermined by its position in Count II against BAH. Section 7431(a)(2) does not define "person." *Warren v. Booz Allen Hamilton, Inc.*, No. 24-CV-01252-LKG, 2025 WL 580362, at *2 (D. Md. Feb. 21, 2025). But Plaintiffs applaud the Court's decision in *Warren* to apply the definition of "person" found in 1 U.S.C. § 1. ECF 44 at pg. 5. We submit the undefined terms of § 7431(a)(1) can be defined by other parts of the Internal Revenue Code without resorting to the application of common law. Indeed, the definition the Court utilized in *Warren* tracks the definition of person found in the IRC. *See* 26 U.S.C. § 7701(a)(1) (Defining "the term 'person' . . . to mean . . . an individual, a trust, estate, partnership, association, company or corporation.")

**2.    No court has explicitly held that the common law control test applies to claims under § 7431(a)(1).**

Waivers of sovereign immunity are to be strictly construed in favor of the sovereign. But Plaintiffs seek to expand § 7431(a)(1)'s sovereign immunity waiver beyond Congress's clear intent. To advance their argument, Plaintiffs rely on four cases. But none held that the common law control test applies to § 7431(a)(1), and each is readily distinguished.

Plaintiffs place too much weight on *Griffin v. Internal Revenue Serv.*, 730 F. Supp. 3d 1312 (S.D. Fla. 2024), given the differences in how the cases were pleaded. There, the plaintiff simply alleged that Mr. Littlejohn was an IRS employee. Case No. 1:22-cv-24023, Dkt. No. 55 ¶ 23 (S.D. Fla.). Relying on publicly filed documents from the criminal proceeding against Mr. Littlejohn that identified him as a contractor with access to return information under § 6103(n), the United States argued that the plaintiff's claim that Mr. Littlejohn was an IRS employee was not plausible. The United States also argued that whether a person is an officer or employee of the United States must be determined from a harmonious reading of §§ 6103 and 7431(a)(1), and not the common law control test.

In denying the United States' motion to dismiss, the court found it inappropriate to take as true any facts from the criminal proceedings against Mr. Littlejohn. 730 F. Supp. 3d at 1319. Then, without addressing the United States' statutory argument, the court said the *Griffin* plaintiff plausibly alleged that Mr. Littlejohn was an IRS employee. *Id.* at 1317 ("[T]he Court is not persuaded by the Government's arguments that Griffin has failed, *at this stage of the litigation*, to establish the Court's jurisdiction over count one based on Littlejohn's *purported* status as an IRS employee." (emphasis added)).

The United States respectfully submits that the *Griffin* court wrongly assumed that the jurisdictional facts were intertwined facts central to the merits of the dispute so that the matter

7

could proceed to discovery. *See Kerns v. United States*, 585 F.3d 187, 195–96 (4th Cir. 2009)

(explaining that a court can assume jurisdiction and assess the merits of a claim only "when the

relevant facts—for jurisdictional and merits purposes—are inextricably intertwined"). In that

case and here, the jurisdictional allegations casting Mr. Littlejohn as an IRS employee are

immaterial to the United States' argument that the control test does not apply to claims under §

7431(a)(1). This Court should do what the *Griffin* court did not and address the United States'

arguments in favor of a strict reading of § 7431(a)(1). *See Sinochem Int'l Co. Ltd. v. Malaysia

Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on

the merits of a case without first determining that it has jurisdiction over the category of claim in

suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

But even if the Court finds *Griffin* instructive to its analysis, the different allegations here

and in *Griffin* produce different results. The primary distinguishing allegation is that here

Plaintiffs allege that Mr. Littlejohn had access to return information under § 6103(n) as a

contractor. As explained in the section above, this ends the inquiry into whether Mr. Littlejohn is

an officer or employee of the United States. Another distinguishing factor is that Plaintiffs have

attached documents to the Consolidated Complaint that show that Mr. Littlejohn was a

contractor. ECF 24, Exs. A–E. Thus, the Court need not take judicial notice of facts outside the

pleadings to evaluate the plausibility of the claim that Mr. Littlejohn was an IRS employee. The

Court can evaluate the plausibility of Plaintiffs' claim through a review of the complaint and all

materials attached to it. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)

(citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also* Fed. R. Civ.

P. 10(c). And "in the event of [a] conflict between the bare allegations of the complaint and any

exhibit attached . . . , the exhibit prevails." *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d

1462, 1465 (4th Cir. 1991). The Court should credit the exhibits attached to the Consolidated Complaint that show Mr. Littlejohn was a contractor over Plaintiffs' attempt to label Mr. Littlejohn an IRS employee.

Plaintiffs' reliance on *Adelman* is also misplaced. *Adelman v. Discover Card Servs., Inc.*, 915 F. Supp. 1163 (D. Utah 1996). Adelman supports the United States' argument that § 7431(a)(1)'s sovereign immunity waiver should be narrowly construed. In *Adelman*, the plaintiff sued the United States for the unauthorized disclosure of return information by an employee of a Utah state agency named Disability Determination Services. *Id*. at 1164. DDS was a Social Security Administration contractor. *Id*. The *Adelman* court dismissed the unauthorized disclosure claim against the United States because "a strict construction of that term [, 'employee of the United States',] would exclude employees of state agencies working as independent contractors." *Id*. at 1165. Indeed, "Congress made distinctions in the tax code between 'employees of the United States' and employees of state agencies administering federal programs." *Id*.

Rather than accept this holding, Plaintiffs attempt to graft a secondary holding onto *Adelman*. To be sure, the court in *Adelman* rejected the "[p]laintiff's argument that Curtis is an 'employee of the United States' because the federal regulatory control over DDS transforms DDS into a federal agency for purposes of § 7431." *Id*. *Adelman* did not address whether the control test might change that conclusion. Instead, it observed **in dicta** that the plaintiff failed to adequately allege that the control test was met because the SSA "does not supervise the detailed physical performance of DDS employees nor DDS's day-to-day operations." *Id*. at 1165. We submit that Adelman's actual holding—not Plaintiffs' wishful additions to its dicta—governs the outcome here, as it is rooted in the statutory text of §§ 6103 and 7431(a)(1).

Similarly, the recent decision in *Biden v. Internal Revenue Serv.*, 752 F. Supp. 3d 97 (D.D.C. 2024) offers no support for Plaintiffs' claim. In *Biden*, the plaintiff alleged that the "attorneys [of two IRS Revenue Agents] disclosed confidential return information at the 'direction[ ]' of their clients, who were IRS employees at the time." 752 F. Supp. 3d at 109. The *Biden* court simply held that "the Government cannot escape liability for disclosures carried out by the *agents of IRS employees*." *Id.* at 108 (emphasis added). So, the common law control test was never at issue. The question there was whether IRS employees' disclosure of return information through their agents implicated the waiver of the government's sovereign immunity under § 7431(a)(1). In contrast, contractors, like Mr. Littlejohn, are not IRS employees. While agency law principles are apt to Plaintiffs' claims in Count II of their complaint, *see Warren v. Booz Allen Hamilton*, 2025 WL 580362, they cannot be applied to shoehorn liability onto the United States under clear statutes like §§ 6103 and 7431.

Finally, Plaintiffs can take no refuge in *Staub v. Proctor Hospital*, 562 U.S. 411 (2011). The cause of action in *Staub* was an employment discrimination statute, not an unlawful disclosure suit. Plaintiffs attempt to rely on the court's holding that "when Congress creates a federal tort it adopts the background of general tort law." *Id.* at 417. And background tort law includes general principles of agency law. *Id.* at 418. But unlike unlawful employment discrimination suits, § 7431(a)(1) is not the codification of a common law tort. Instead, § 7431(a)(1) is a limited waiver of sovereign immunity to provide a remedy for violations of a statutory right. Plaintiffs offer no reason why the Court should expand § 7431(a)(1)'s limited waiver of sovereign immunity to include general principles of common law. In any event, *Staub* supports the United States' argument that the text of §§ 6103 and 7431 controls. Confronted with competing interpretations of agency law, the Supreme Court turned to the statute's text. *Id.* In

10

this case, the Court should start with the text of §§ 6103 and 7431 before looking to common law. And the text of § 6103 makes clear that a person with access to return information under § 6103(n) is an "other person" under § 6103(a)(3).

**B.    The Internal Revenue Manual definitions do not apply to claims under § 7431(a)(1).**

Plaintiffs argue that provisions of the IRM are relevant to determine liability under § 7431(a)(1). In essence, Plaintiffs ask the Court to ignore the statutory text of §§ 6103(a)(1), (a)(3) in favor of the IRM to determine whether Mr. Littlejohn is an "officer or employee" of the United States. The Court should decline that invitation.

As Plaintiffs acknowledge, the IRM does not have the force of law. Courts consistently recognize that "[t]he purpose of the IRS Manual is to govern the internal affairs of the Internal Revenue Service." *United States v. Horowitz*, 361 F. Supp. 3d 511, 515 (D. Md. 2019), *aff'd*, 978 F.3d 80 (4th Cir. 2020) (quoting *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983)). Indeed, courts agree that the IRM does not confer taxpayers with any substantive rights. *Fargo v. Comm'r*, 447 F.3d 706, 713 (9th Cir. 2006).

Plaintiffs seek to use the IRM to supplant a statute that defines who is— and critically, who is not—an officer or employee of the United States. In essence, Plaintiffs ask the Court to hold that the IRS can waive the sovereign immunity of the United States with internal guidance that otherwise has no legal standing. The argument flies in the face of black-letter law that only Congress can waive the government's sovereign immunity. *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287, (1983). For Plaintiffs' claims, Congress waived that sovereign immunity only for unauthorized disclosures by officers or employees of the United States. 26 U.S.C. § 7431(a)(1). As discussed above, the Internal Revenue Code provides who is and who is not an officer or employee of the United States.

11

The IRM's definition of employee in IRM § 10.5.5.1.6(2) exists as a matter of drafting convenience. That section defines an "[e]mployee as 'all IRS personnel,'" including "all contractors who have staff-like access" when discussing the protection of taxpayer information. *See* IRM § 10.5.5 (noting that the intended audience of this IRM provision includes "IRS employees and IRS contractors who have staff-like access including subcontractors, non-IRS-procured contractors, vendors, and outsourcing providers who have staff-like access."). By including "all contractors who have staff-like access" in this section's definition of "employee," the IRS avoids having to use the phrase "all contractors who have staff-like access" each time it references to whom the provisions of this IRM section apply. The definition is not intended to elevate contractors with staff-like access to the status of IRS employees. Indeed, the IRM explains that staff-like access is a status "granted to an individual who is not an IRS employee (and includes but is not limited to the contractor employees described above)." *See* IRM 10.23.2.1 (describing background investigative requirements for contractors).

In sum, the IRM cannot expand § 7431(a)(1)'s limited waiver of sovereign immunity. It confers no rights on Plaintiffs. Nor does it show that Mr. Littlejohn was an IRS employee. Consistent with the allegations of the Consolidated Complaint, the IRM shows that Mr. Littlejohn was a contractor with staff-like access who is an "other person (or officer or employee thereof) under § 6103(a)(3).

## <u>CONCLUSION</u>

Section 6103 identifies distinct categories of persons to which it applies, including officers and employees of the United States and other persons, such as contractors. Section 7431 mirrors this distinction by providing separate causes of actions for unauthorized disclosures by officer or employees of the United States and by other persons. The Consolidated Complaint

establishes that Mr. Littlejohn is an "other person" under § 6103(a)(3) because he had access to return information under § 6103(n). Congress has not waived the United States' sovereign immunity for unauthorized disclosures by contractors like Mr. Littlejohn. The remedy for an unauthorized disclosure by an "other person" such as Mr. Littlejohn is a suit against that person under § 7431(a)(2). Count I of the Consolidated Complaint must be dismissed.

Dated: November 26, 2025                    Respectfully submitted,

                                            /s/ *Nicholas S. Willingham*
                                            NICHOLAS S. WILLINGHAM
                                            U.S. Department of Justice
                                            Trial Attorney, Tax Division
                                            P.O. Box 14198
                                            Washington, D.C. 20044
                                            Telephone: (202) 307–6445
                                            Facsimile: (202) 514–4963
                                            Nicholas.Willingham@usdoj.gov

                                            Counsel for the United States of America

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, a true and correct copy of this document was filed electronically through the Court's CM/ECF filing system, which will serve a copy of this filing on all counsel of record.

                                            /s/ *Nicholas S. Willingham*
                                            NICHOLAS S. WILLINGHAM
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice