IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Safe Harbor International LLC et al., *Plaintiffs*, v. Booz Allen Hamilton Inc., Internal Revenue Service, and U.S. Department of the Treasury, *Defendants*. | Case No. 8:25-cv-00139-LKG |

**Defendant Booz Allen Hamilton Inc.'s Opposition to**
**Plaintiffs' Request for Judicial Notice**

Plaintiffs' request for judicial notice of a press release (ECF No. 61) is procedurally and substantively improper and should be denied.

Procedurally, Plaintiffs did not comply with the Court's pre-filing procedures. Pursuant to this Court's Case Management Order, "no motions may be filed without first seeking a Pre-Motion Conference with this Court." ECF No. 2 at 2.

Substantively, Plaintiffs ask the Court to take judicial notice of a press release issued by one party in this case, the Department of the Treasury, for its purported (and disputed) truth. Specifically, Plaintiffs seek judicial notice of a disputed allegation that Booz Allen failed to adequately safeguard taxpayer information, and that "Booz Allen [is] responsible for this negligence." ECF No. 61 at 3. Courts may only judicially notice a "fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "cannot take notice of (and so assume the truth of) mere allegations" made by the government in public statements or

1

filings.  *Nolte v. Cap. One Fin. Corp.*, 390 F.3d 311, 317 (4th Cir. 2004).  A self-serving, mid-litigation statement by one co-defendant shifting blame to another co-defendant is not an "indisputable fact[]."  *See id.*  Plaintiffs' request is plainly improper.

As the Fourth Circuit has made clear, "judicial notice must not 'be used as an expedient for courts to consider matters beyond the pleadings' and thereby upset the procedural rights of litigants to present evidence on disputed matters."  *Goldfarb v. Mayor & City of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (citation omitted) (noting that the parties "vehemently disagree about the nature and scope" of the documents, "putting at issue basic factual matters"); *Ohio Valley Env. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009) ("The parties clearly and reasonably disagree about the meaning to be ascribed to these new decision documents, and we therefore decline to judicially notice them.").  Indeed, Plaintiffs recognize that issues of responsibility "go to the heart of [the] case." ECF No. 61 at 3.

Judicial notice of the press release is further inappropriate because, far from being "indisputable," its content contrasts with representations made by the IRS.  In connection with its resolution of *Griffin v. IRS*, No. 22-cv-24023 (S.D. Fla), the IRS took responsibility for "fail[ing] to prevent Mr. Littlejohn's criminal conduct," and  expressly "acknowledge[d] that it failed to prevent Mr. Littlejohn's criminal conduct and unlawful disclosure of Mr. Griffin's confidential data" and it "apologize[d] to . . . [the] Americans whose personal information was leaked to the press."  *See* IRS Statement IR-2024-172, dated June 25, 2024, *available at* https://www.irs.gov/newsroom/irs-statement-as-part-of-the-resolution-of-kenneth-c-griffin-v-irs-case-no-22-cv-24023-sd-fla.

What's more, the GAO issued a report in August 2023 regarding deficiencies in the IRS's safeguards over taxpayer information, which further shows that judicial notice of the press release

is inappropriate.  *See* GAO Report 23-105395, "IRS Needs to Address Critical Safeguard Weaknesses," *available at* https://www.gao.gov/products/gao-23-105395.  The press release thus lacks the "high degree of indisputability" which "is the essential prerequisite" to taking judicial notice and dispensing with the "usual method of establishing adjudicative facts."  *See* Advisory Committee Notes to Fed. R. Evid. 201.  Indeed, the press release also is inconsistent with the allegations in the recent lawsuit filed by President Trump against the IRS, which alleges that "The IRS is Responsible for Charles Littlejohn's Actions."  *Trump et al. v. IRS and U.S. Department of the Treasury*, No. 1:26-cv-20609 (S.D. Fla., filed Jan. 29, 2026).

For the foregoing reasons, the Court should decline to take judicial notice of the press release.

Dated: February 10, 2026

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: __/s/ Steven M. Cady__
Robert A. Van Kirk (*pro hac vice*)
Steven M. Cady (*pro hac vice*)
Ilana Frier (Bar No. 30515)
James Sasso (*pro hac vice*)
680 Maine Avenue SW
Washington, DC  20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
rvankirk@wc.com
scady@wc.com

*Counsel to Booz Allen Hamilton Inc.*