IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SAFE HARBOR INTERNATIONAL LLC, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> BOOZ ALLEN HAMILTON, INC., *et al.,* <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 25-cv-00139-LKG <br> ) <br> ) April 1, 2026 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this putative class action matter, the Plaintiffs, Safe Harbor International LLC ("Safe Harbor"), Alarm Concepts, Inc. ("ACI") and Belpointe Sleepovation Investment, LP ("Belpointe"), Shelby Lowman and Cedrick Williams, on behalf of themselves and all others similarly situated, bring claims for violations of 26 U.S.C. §§ 6103(a) and 7431(a) against the Defendants, the Internal Revenue Service ("IRS"), the United States Department of the Treasury (the "Treasury Department") (collectively, the "Government Defendants"), and Booz Allen Hamilton, Inc. ("Booz Allen"), arising from the alleged access and disclosure of the Plaintiffs' tax information by Charles Edward Littlejohn.  ECF No. 24.

On July 23, 2025, the Government Defendants filed a motion to dismiss the claims brought against them in this matter, pursuant to Fed. R. Civ. P. 12(b)(1), and a memorandum in support thereof.  ECF No. 31.  The motion is fully briefed.  ECF Nos. 31, 45, 60, 61, and 62.

On August 6, 2025, Booz Allen filed a motion to dismiss the claims brought against it in this matter, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF Nos. 38 and 38-1.  The motion is fully briefed.  ECF Nos. 38, 38-1, 44, 46, 54, 61, and 62.  For the reasons that follow, the Court: (1) **DENIES** the Government Defendants' motion to dismiss (ECF No. 31) and (2) **DENIES** Booz Allen's motion to dismiss (ECF No. 38).

**II.   FACTUAL AND PROCEDURAL BACKGROUND[1]**

**A.   Factual Background**

In this putative class action matter, the Plaintiffs bring claims for violations of 26 U.S.C. §§ 6103(a) and 7431(a) against the Government Defendants and Booz Allen, arising from the alleged access and disclosure of the Plaintiffs' tax information by Charles Edward Littlejohn. ECF No. 24.  In the consolidated class action complaint, the Plaintiffs assert the following claims against the Defendants: (1) Violation of 26 U.S.C. §§ 6103(a)(1) and 7431(a)(1) against the Government Defendants (Count I) and (2) Violation of 26 U.S.C. §§ 6103(a)(3) and 7431(a)(2) against Booz Allen (Count II).  *Id.*  As relief, the Plaintiffs seek, among other things, certain declaratory relief and to recover monetary damages, attorney's fees and costs from the Defendants.  *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Alarm Concepts, Inc. is a Texas corporation with its principal place of business located in Dallas, Texas.  *Id.* at ¶ 6.  In December 2024, ACI received a letter from the IRS notifying ACI that Charles Edward Littlejohn had been criminally charged in connection with the unauthorized inspection or disclosure of its tax returns or return information, in violation of 26 U.S.C. § 7431.  *Id.*

Plaintiff Belpointe Sleepovation Investment, LP is a limited partnership organized in the State of Connecticut, with its principal place of business located in Connecticut.  *Id.* at ¶ 7.  In December 2024, Belpointe received a letter from the IRS notifying it that Mr. Littlejohn had been criminally charged in connection with the unauthorized inspection or disclosure of its tax return or return information, in violation of 26 U.S.C. § 7431.  *Id.*

Plaintiff Shelby Lowman is a resident of Ridgefield, Connecticut.  *Id.* at ¶ 8.  In December 2024, Mr. Lowman received a letter from the IRS notifying him that Mr. Littlejohn had been criminally charged in connection with the unauthorized inspection or disclosure of his tax return or return information, in violation of 26 U.S.C. § 7431.  *Id.*

Plaintiff Safe Harbor International LLC is a limited liability company organized in the State of Delaware, with its principal place of business located in the District of Columbia.  *Id.* at

---

[1] The facts recited in this memorandum opinion are taken from the consolidated class action complaint, the Defendants' respective motions to dismiss, the memoranda in support thereof, reply brief, and the Plaintiffs' responses in opposition thereto.  ECF Nos. 24, 38, 38-1, 44 and 54 .

¶ 9.  In April 2024, Safe Harbor received a letter from the IRS notifying it that Mr. Littlejohn had been criminally charged in connection with the unauthorized disclosure of its tax return or return information, in violation of 26 U.S.C. § 7431.  *Id.*

Plaintiff Cedrick Williams is a resident of Houston, Texas.  *Id.* at ¶ 10.  In May 2024, Mr. Williams received a letter from the IRS notifying him that Mr. Littlejohn had been criminally charged in connection with the unauthorized inspection or disclosure of his tax return or return information, in violation of 26 U.S.C. § 7431.  *Id.*

Defendant the United States Department of the Treasury is an executive-branch department of the Federal Government that oversees the IRS.  *Id.* at ¶ 11.

Defendant the Internal Revenue Service is a bureau of the Treasury Department and it is responsible for the administration and enforcement of the Internal Revenue Code.  *Id.* at ¶ 12.

Defendant Booz Allen Hamilton, Inc. is a government and military contractor, that is incorporated in the State of Delaware and is headquartered in McLean, Virginia.  *Id.* at ¶ 13.

Case Background

As background, Defendant Booz Allen provides consulting, analysis, and engineering services to public and private-sector organizations and nonprofits, including the IRS and the Treasury Department.  *Id.* at ¶ 13.  During the period 2018 to 2021, Booz Allen performed information-technology ("IT"), cybersecurity, tax-administration and other electronic-data services for the IRS under various government contracts with the Treasury Department and/or the IRS.  *Id.*  And so, pursuant to these government contracts, the IRS granted Booz Allen, and its employees, access to its computers, networks, databases and data-storage locations to enable Booz Allen to perform those services.  *Id.*

In 2017, Booz Allen re-hired Mr. Littlejohn as an associate in the finance and economic development practice, to perform work under Booz Allen's IT-related contracts with the IRS and/or the Treasury Department.  *Id.* at ¶ 15.  The Plaintiffs allege that the IRS issued Mr. Littlejohn a computer and network, and database credentials, to access IRS systems and databases containing confidential tax returns and return information.  *Id.*  The Plaintiffs also allege that Mr. Littlejohn was enrolled in Booz Allen's regular payroll and that Mr. Littlejohn's data analysis for the IRS was part of Booz Allen's regular business for work performed under certain contracts with the IRS and/or the Treasury Department.  *Id.*

The Plaintiffs also allege that Mr. Littlejohn was an officer or employee of the IRS.  *Id*. at ¶ 16.  In this regard, the Plaintiffs allege that the IRS issued Mr. Littlejohn an IRS laptop and an IRS.gov email address, and that Mr. Littlejohn "had staff-like access to IRS systems, facilities, and confidential taxpayer information."  *Id*.  The Plaintiffs also allege that the IRS "maintained control over the detailed physical performance of [Mr. Littlejohn's] work," including:

> [E]xercising  extensive, detailed, day-to-day supervision over [Mr. Littlejohn's] work both at IRS facilities and on IRS data systems by, among other things: managing the scope and purpose of his daily tasks and projects; monitoring his technical performance; ensuring that he completed mandatory trainings, remained informed on data safeguards, and appropriately protected taxpayer information; and exercising control over the parameters of his access to IRS data and confidential tax returns and return information, including those at issue here.

*Id*.  And so, the Plaintiffs contend that Booz Allen and the IRS jointly employed Mr. Littlejohn to work on Booz Allen's IT-related contracts with the IRS and/or the Treasury Department.  *Id*. at ¶¶ 13–14.

The Littlejohn Disclosures

The Plaintiffs allege that the Defendants' "systemic data security failures at the IRS ultimately led to the catastrophic leak by . . . [Mr.] Littlejohn."  *Id*. at ¶ 37.   In this regard, the Plaintiffs allege that Mr. Littlejohn arrived at the IRS in 2017, "with a plan: to access and leak the tax returns and return information of President Donald Trump and other high-net-worth individuals."  *Id*. at ¶ 38.  The Plaintiffs also allege that Mr. Littlejohn:

> [K]new that he could easily access unmasked taxpayer data on an IRS database through his joint employment with the IRS and Booz Allen . . . [and that] he intended to use that access to steal and publicly disclose the tax returns and return information associated with Trump and other high-net-worth individuals.

*Id*.  And so, the Plaintiffs contend that Mr. Littlejohn was able to capture President Donald J. Trump's tax returns, by using generalized queries on the IRS database.  *Id*. at ¶ 41.

The Plaintiffs further allege that, in or around May 2019, Mr. Littlejohn contacted the New York Times to discuss providing the newspaper with President Trump's tax return data.  *Id*. at ¶ 43.  The Plaintiffs also allege that, in July and August 2020, Mr. Littlejohn "expanded his scheme and searched for historic tax data on the nation's wealthiest taxpayers" and that he later provided this information to ProPublica, Inc, in or around September 2020.  *Id*. at ¶¶ 44–45.

In 2020, the New York Times published an article discussing the tax return information of the President of the United States. *Id.* at ¶ 43. Thereafter, ProPublica, Inc. published a series of articles reporting on the tax return information of several of the wealthiest U.S. taxpayers, in 2021 and 2022. *Id.* at ¶ 44.

The Littlejohn Criminal Prosecution

An investigation into the source of the disclosures of tax return information to the New York Times and ProPublica, Inc. resulted in a criminal Information being filed against Mr. Littlejohn in the United States District Court for the District of Columbia, on September 29, 2023. ECF No. 31 at 3–4. The Information charged Mr. Littlejohn with unlawfully disclosing return information in violation of 26 U.S.C. § 7213(a)(1). *Id.* Thereafter, Mr. Littlejohn pleaded guilty, and he was sentenced to five years in prison. *Id.*; *see also United States v. Littlejohn*, 23-cr-343 (D.D.C.) (ECF No. 8).

The IRS Notices

In April and June of 2024, the IRS sent notices to taxpayers whose return information was unlawfully inspected or disclosed by Mr. Littlejohn, to Safe Harbor and Mr. Williams. ECF No. 31 at 4; *see, e.g.*, ECF No. 24 at ¶ 50. The IRS also issued a public statement about the disclosures. ECF No. 24 at ¶ 51. In December 2024, the IRS issued a second wave of notification letters to, among others, Alarm Concepts, Belpointe and Mr. Lowman. *Id.* at ¶ 53.

The Plaintiffs' Allegations

In the consolidated class action complaint, the Plaintiffs assert a wrongful disclosure claim under 26 U.S.C. §§ 6103(a)(1) and 7431(a)(1) against the Government Defendants (Count I) and (2) a wrongful disclosure claim under 26 U.S.C. §§ 6103(a)(3) and 7431(a)(2) against Booz Allen ("Count II"). *Id.* at 21–26. Specifically, in Count I of the consolidated class action complaint, the Plaintiffs allege that the Government Defendants, through IRS employee Mr. Littlejohn, repeatedly violated 26 U.S.C. § 6103, "by unlawfully inspecting [the] Plaintiffs' and class members' confidential tax returns and return information and/or unlawfully disclosing that information to third parties, including ProPublica." *Id.* at ¶ 74. The Plaintiffs also allege that these unlawful disclosures or inspections were made knowingly, or at the very least negligently or with gross negligence. *Id.* at ¶ 76. Given this, the Plaintiffs contend that the inspections or disclosures of their tax returns and return information violated 26 U.S.C. § 6103, and that they have suffered an injury. *Id.* at ¶¶ 78–79.

In Count II of the consolidated class action complaint, the Plaintiffs allege that Booz Allen, both through its own actions and through its employee Mr. Littlejohn, repeatedly violated 26 U.S.C. § 6103, "by inspecting [their] confidential tax returns or return information and/or unlawfully disclosing that data to third parties, including ProPublica."  *Id*. at ¶ 89.  The Plaintiffs also allege that:

> Booz Allen made these unlawful inspections and disclosures knowingly, or at the very least by reason of negligence, including because the inspections and disclosures were made while willfully or negligently failing to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and class members' confidential taxpayer information from the unlawful inspections and disclosures alleged in this complaint.

*Id*. at ¶ 90.  In this regard, the Plaintiffs allege that "[t]he unlawful inspections and disclosures were made within the scope of Mr. Littlejohn's employment at Booz Allen."  *Id*. at ¶ 91.

Given this, the Plaintiffs contend that the inspections or disclosures of their tax returns and return information violated 26 U.S.C. § 6103.  *Id*. at ¶ 95.  And so, the Plaintiffs also contend that they have suffered an injury and that they are entitled to recover statutory damages.  *Id*. at ¶¶ 96 and 97.  As relief, the Plaintiffs seek, among other things, certain declaratory relief and to recover monetary damages, attorney's fees and costs from the Defendants.  *Id*. at Prayer for Relief.

## B.    Relevant Procedural Background

The Plaintiffs commenced this civil action on January 14, 2025.  ECF No. 1.  After the Court consolidated several related cases, the Plaintiffs filed a consolidated class action complaint against all Defendants on June 17, 2025.  ECF No. 24.

On August 6, 2025, Defendant Booz Allen filed a motion to dismiss the claims brought against it pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF Nos. 38 and 38-1.  On September 5, 2025, the Plaintiffs filed a response in opposition to Booz Allen's motion.  ECF No. 44.  On October 6, 2025, Booz Allen filed a reply brief.  ECF No. 54.

On July 23, 2025, the Government Defendants' filed a motion to dismiss the claims brought against them pursuant to Fed. R. Civ. P. 12(b)(1), and a memorandum in support thereof. ECF No. 31.  On September 5, 2025, the Plaintiffs filed a response in opposition to the Government Defendants' motion.  ECF No. 45.  On November 26, 2025, the Government Defendants' filed a reply brief.  ECF No. 60.

The Defendants' respective motions to dismiss having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.    Fed. R. Civ. P. 8(a) And 12(b)(6)

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### B.    Fed. R. Civ. P. 12(b)(1) And Sovereign Immunity

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own

initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

Under the doctrine of sovereign immunity, "the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citation modified). In this regard, the Supreme Court has held that, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). And so, the burden is on the plaintiff to show an "unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to [the Plaintiff's] particular claim." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

### C.    Wrongful Disclosure Claims

Section 6103(a) of the Internal Revenue Code governs the confidentiality and disclosure of tax returns and return information. The statute provides, in relevant part, that:

> (a) General rule
>
> Returns and return information shall be confidential, and except as authorized by this title—
>
> (1)    no officer or employee of the United States,
>
> (2)    no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any tribal or local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and

> (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (8), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

26 U.S.C. § 6103(a). Courts have recognized that, as a general rule, Section 6103(a) makes tax returns and return information confidential, unless their release is authorized by an exception enumerated in the statute. *See Biden v. IRS*, 752 F. Supp. 3d 97, 105 (D.D.C. 2024) (*quoting Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of Treasury*, 45 F.4th 324, 328 (D.C. Cir. 2022).

Section 7431 of the Internal Revenue Code permits an award of civil damages for the unauthorized inspection or disclosure of tax returns and return information. In this regard, the statute provides, in relevant part, that:

> (a) In general
>
> (1) Inspection or disclosure by employee of United States
>
> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
>
> (2) Inspection or disclosure by a person who is not an employee of United States
>
> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

26 U.S.C. § 7431(a). And so, a taxpayer may seek relief to recover civil damages against the United States under Section 7431(a), if the person responsible for an unauthorized disclosure of

9

tax returns or return information is an officer or employee of the United States.  *Id.*; *see Teno v. Iwanski*, 382 F. Supp. 3d 803, 809 (E.D. Tenn. 2019).  A taxpayer may also seek to recover civil damages against a person responsible for the unauthorized disclosure of tax returns and return information who is not an employee or officer of the United States.  26 U.S.C. § 7431(a)(3).

While Section 7431 does not define the phrase "officer or employee of the United States," an "employee" is defined in the Internal Revenue Manual as "include[ing] all IRS personnel . . . [and] includes all contractors who have staff-like access."  IRM §10.5.5.1.6 (2) (effective Mar. 8, 2023).

### D.    The Control Test

Lastly, the Supreme Court held that, "when Congress creates a federal tort it adopts the background of general tort law."  *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011).  Given this, courts should "consult general principles of law, agency law, which form the background against which federal tort laws are enacted," when interpreting federal tort statutes.  *Id.* at 418 (citing *Meyer v. Holley*, 537 U.S. 280, 285  (2003)).  In this regard, courts have long interpreted the Federal Tort Claims Act to incorporate these agency law principles, even though an individual may not bring a tort claim against the Federal Government absent an explicit waiver by Congress pursuant to the FTCA.  *Biden*, 752 F. Supp. 3d at 108; *see, e.g.*, *Davis v. United States*, 973 F. Supp. 2d 23, 28 (D.D.C. 2014) ("It is well-established that under the doctrine of sovereign immunity, an individual may not bring a tort claim against the federal government absent an explicit waiver by Congress.").  Relevant to this case, at least one court has held that:

> There is no reason to believe that similar common law agency principles would not apply to the waiver of sovereign immunity found in § 7431(a), which reaches torts committed by federal employees with access to confidential return information. This is particularly true given the broad scope Congress envisioned for these statutory mechanisms

*Biden*, 752 F.Supp.3d at 109 (citation omitted).

The Fourth Circuit has also held that courts should apply the "control test" to determine whether a person is a federal employee under a federal statute by using common-law agency principles.  *Cilecek v. Inova Health Sys. Servs.*, 115 F.3d 256, 259 (4th Cir. 1997) (applying the common-law agency doctrine to understand what the term "employee" means of the Title VII of the Civil Rights Act).  Under the control test, the Court examines whether the Government has the authority "to supervise a contractor's day-to-day operations and to control the detailed

10

physical performance of the contractor." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 248 (4th Cir. 2018) (quoting *Wood v. Standard Prods. Co.*, 671 F.2d 825, 829 (4th Cir. 1982)).  And so, the Court considers several non-exhaustive, non-dispositive factors to determine whether a person is a federal employee, including:

> [T]he skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Cilecek*, 115 F.3d at 260 (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989)).

## IV.    ANALYSIS

The Government Defendants have moved to dismiss the wrongful disclosure claim brought against them in this case, upon the grounds that the Government has not waived its sovereign immunity for such claims, when the unauthorized inspection and disclosure of return information is made by a person who is not an officer or employees of the United States.  ECF No. 31.  In this regard, the Government Defendants argue that the factual allegations in the consolidated class action complaint show that Mr. Littlejohn was not an employee or officer of the United States, but rather that he was a contractor who had access to return information.  *Id*. at 5–10.  The Government Defendants also argue that the control test under common law is not applicable to the Plaintiffs' wrongful disclosure claim.  *Id*. at 11–15.  And so, the Government Defendants request that the Court dismiss Count I of the consolidated class action complaint for lack of subject-matter jurisdiction.  *Id*. at 15.

Booz Allen also seeks to dismiss the wrongful disclosure claim brought against it in Count II of the consolidated class action complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) Section 7431(a)(2) forecloses the Class Plaintiff's vicarious liability theory and (2) Booz Allen cannot be held vicariously liable to the Plaintiffs based upon the facts of this case.  ECF No. 38-1 at 4–14.  In this regard, Booz Allen argues that the factual allegations in the consolidated class action complaint show that Mr. Littlejohn was the person who disclosed the

11

Plaintiffs' return information and that Booz Allen is not a person against whom the Plaintiffs may bring a cause of action under Section 7431(a)(2). *Id*. at 8–10. Booz Allen also argues that it cannot be held vicariously liable under the facts of this case, because Mr. Littlejohn acted outside of the scope of his employment when he accessed and disclosed the Plaintiffs' tax returns and return information. *Id*. at 10–13. And so, Booz Allen requests that the Court dismiss the wrongful disclosure claim brought against it in Count II of the consolidated class action complaint. *Id*. at 14.

The Plaintiffs counter that the Court should not dismiss their wrongful disclosure claim against the Government Defendants, because the control test may be applied in this case and the consolidated class action complaint contains sufficient factual allegations to show that Mr. Littlejohn was an employee of the IRS. ECF No. 45 at 4–9. And so, the Plaintiffs request that the Court deny the Government Defendants' motion to dismiss. *Id*. at 9.

The Plaintiffs also argue that their wrongful disclosure claim against Booz Allen is plausible, because they may bring a Section 7431(a)(2) claim against an employer whose employee improperly inspected or disclosed tax returns or return information. ECF No. 44 at 4–9. In addition, the Plaintiffs argue that the consolidated class action complaint contains sufficient factual allegations to show that Mr. Littlejohn acted within the scope of his employment with Booz Allen, when he disclosed their tax returns and return information, to survive Booz Allen's motion to dismiss. *Id*. at 10–13. And so, the Plaintiffs also request that the Court deny Booz Allen's motion to dismiss. *Id*. at 13.

For the reasons that follow, the Government Defendants have not shown that the doctrine of sovereign immunity bars the Plaintiffs' wrongful disclosure claim against them, because the plain language of Section 7431(a)(1) does not preclude the Plaintiff's from relying on the common law control test to show that Mr. Littlejohn is an employee of the United States. The Court also does not read Section 7431(a)(2) to preclude the Plaintiffs from pursuing a vicarious liability theory with regard to their wrongful disclosure claim against Booz Allen. In addition, the consolidated class action complaint sets forth sufficient factual allegations to plausibly show that Mr. Littlejohn was jointly employed by Booz Allen and the IRS, when he disclosed the Plaintiffs' return information, to state a wrongful disclosure claim under Section 7431(a) for all Defendants. And so, the Court: (1) DENIES the Government Defendants' motion to dismiss (ECF No. 31) and (2) DENIES Booz Allen's motion to dismiss (ECF No. 38).

12

### A.    The Plaintiffs State A Plausible Claim Against The Government Defendants

As an initial matter, the Court declines to dismiss the Plaintiffs' wrongful disclosure claim against the Government Defendants pursuant to the doctrine of sovereign immunity.  Under the doctrine of sovereign immunity, the United States is immune from suit without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990).  In this regard, the Supreme Court has held that, when a waiver of sovereign immunity exists, it must be "strictly construed" in favor of the sovereign.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  And so, the burden is on the Plaintiffs in this case to show an "unequivocal" waiver of sovereign immunity and that their wrongful disclosure claim against the Government Defendants falls within that waiver.  *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

In this case, the waiver of the Government's sovereign immunity is found in Section 7431(a)(1) of the Internal Revenue Code, which authorizes civil damages for the unauthorized inspection or disclosure of returns and return information by an employee, or officer of United States.  In this regard, Section 7431(a)(1) provides that:

> (a)  In general
>
> (1)  Inspection or disclosure by employee of United States
>
> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a)(1).   The statute also authorizes civil damages for the unauthorized inspection or disclosure of returns and return information by a person who is not an employee, or officer of the United States, and provides that:

> (2) Inspection or disclosure by a person who is not an employee of United States
>
> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in a district court of the United States.

26 U.S.C. § 7431(a)(2).

13

And so, the Court reads Section 7431(a)(1) and (a)(2) to create two mutually exclusive remedies for violations of Section 6103(a): one permitting the recovery of civil damages from the United States for wrongful disclosures by employees or officers of the United States and another permitting the recovery of civil damages from a person who is not an employee of the United States for wrongful disclosures by such persons.  *Id*.; *see also Teno v. Iwanski*, 382 F. Supp. 3d 803, 809 (E.D. Tenn. 2019) (explaining that who the defendant is in a wrongful disclosure suit depends on who made the alleged unlawful disclosure).[2]

Also relevant to the Government Defendants' waiver of sovereign immunity under Section 7431(a)(1) is Section 6103(a) of the Internal Revenue Code, which requires that tax returns and return information be kept confidential.  In this regard, Section 6103(a) provides that:

> (a) General rule
>
> Returns and return information shall be confidential, and except as authorized by this title—
>
> (1)     no officer or employee of the United States,
>
> (2)     no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(1)(C) or (7)(A), any tribal or local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and
>
> (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (c), subsection (e)(1)(D)(iii), paragraph (10), (13), (14), or (15) of subsection (k), paragraph (6), (8), (10), (12), (13) (other than subparagraphs (D)(v) and (D)(vi) thereof), (16), (19), (20), or (21) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

---

[2] Section 7431 does not define the phrase "officer or employee of the United States."  But the term "employee" is defined in the Internal Revenue Manual as "all IRS personnel," including "all contractors who have staff-like access."  IRM §10.5.5.1.6 (2) (effective Mar. 8, 2023).

26 U.S.C. § 6103(a).  Section 6103(a) makes tax returns and return information confidential, unless their release is authorized by an exception enumerated in that provision.  *Biden v. IRS*, 752 F. Supp. 3d 97, 105  (D.D.C. 2024) (*quoting Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of Treasury*, 45 F.4th 324, 328 (D.C. Cir. 2022).  And so, the Court reads the plain language of Section 6103(a) to prohibit three categories of persons from inspecting or disclosing tax returns and return information without authorization: (1) officers and employees of the United States; (2) officers or employees of any State, any local law enforcement; and (3) other persons and their officers or employees.

The Government Defendants argue in their motion to dismiss, that, when read together, Sections 7431(a)(1) and 6103(a)(1) limit the Government's waiver of sovereign immunity for wrongful disclosure claims to those claims involving a wrongful disclosure by an employee or officer of the United States.  ECF No. 31.  The Government Defendants also argue that the Plaintiffs cannot bring their wrongful disclosure claim against them in this case, because the factual allegations in the consolidated class action complaint show that Mr. Littlejohn was the person who disclosed their tax returns and return information and that Mr. Littlejohn was not a government employee at the time of the disclosures.  *Id.* at 5–11.

While the Court agrees with the Government Defendants' reading of Section 7431(a)(1), to limit the Government's waiver of sovereign immunity to wrongful disclosure claims involving wrongful disclosures by employees and officers of the United States, that reading does not necessarily foreclose the Plaintiffs from pursuing their wrongful disclosure claim against the Government Defendants in this case for several reasons.  First, while there is no dispute in this case that Mr. Littlejohn wrongfully disclosed the Plaintiffs' tax returns and return information, the parties disagree about whether Mr. Littlejohn was an employee of the United States.

In this regard, the Government Defendants contend that the factual allegations in the consolidated class action complaint show that Mr. Littlejohn was a government contractor working for Booz Allen, rather than an employee of the IRS, at the time of the alleged wrongful disclosures.  *Id*. at 6, 10–11.  To support this argument, the Government Defendants point to the Plaintiffs' allegation that Mr. Littlejohn accessed their tax return and return information pursuant to Section 6103(n) of the Internal Revenue Code, which permits tax returns and return information to be disclosed to any person, "to the extent necessary in connection with the processing, storage, transmission, and reproduction of such returns and return information, the

15

programming, maintenance, repair, testing, and procurement of equipment, and the providing of other services, for purposes of tax administration." *Id*.

But, a careful reading of the consolidated class action complaint shows that the Plaintiffs do plausibly allege sufficient facts to show that Mr. Littlejohn was an "employee of the United States," for purposes of Section 7431(a)(1). Notably, the Plaintiffs allege that Mr. Littlejohn was an employee of the IRS at the time of the alleged wrongful disclosures. ECF No. 24 at ¶¶ 14, 16–17 and 38. In this regard, the Plaintiffs also allege that:

> At all relevant times, Littlejohn was also an officer or employee of the United States by virtue of his employment with or for the IRS. The IRS issued Littlejohn an IRS laptop and an IRS.gov email address, and he had staff-like access to IRS systems, facilities, and confidential taxpayer information. As Littlejohn's employer, the IRS maintained control over the detailed physical performance of his work. The IRS (including its contracting officer representatives) exercised extensive, detailed, day-to-day supervision over Littlejohn's work both at IRS facilities and on IRS data systems by, among other things: managing the scope and purpose of his daily tasks and projects; monitoring his technical performance; ensuring that he completed mandatory trainings, remained informed on data safeguards, and appropriately protected taxpayer information; and exercising control over the parameters of his access to IRS data and confidential tax returns and return information, including those at issue here. Additionally, the IRS had the authority to reprimand Littlejohn and terminate his employment. According to the IRS, all IRS employees—that is, all IRS personnel, which includes all contractors like Littlejohn who have staff-like access—may be subject to administrative penalties for the[ir] willful and unauthorized attempts to access or disclose taxpayer records, including suspension and removal.

*Id.* at ¶ 16 (internal quotation marks omitted); *see, e.g.*, *id.* at ¶ 17 ("On information and belief, Littlejohn worked for the IRS and Booz Allen in Lanham, Maryland, at the IRS's New Carrollton Federal Building, which houses many of the IRS's IT functions.").

The aforementioned factual allegations, taken as true, are sufficient to plausibly allege that Mr. Littlejohn was an employee of the United States. More importantly, the factual question of whether Mr. Littlejohn was an IRS employee cannot be resolved by the Court at the motion to dismiss stage of this case. *See Warren v. Booz Allen Hamilton, Inc.*, No. 24-01252, 2025 WL 580362, at *6 (D. Md. Feb. 21, 2025). Because the Court must accept as true the factual allegations in the consolidated class action complaint regarding Mr. Littlejohn's employment, the

16

Court is satisfied that the Plaintiffs plausibly allege that he was an employee of the United States, as contemplated by Sections 6103(a)(1) and 7431(a)(1).

Second, the Government Defendants' argument that Section 7431(a)(1) precludes the Plaintiffs from relying upon common law principles of agency law to establish that Mr. Littlejohn was an employee of the United States is unconvincing. The Government Defendants argue that the common law control test cannot apply to the Plaintiff's wrongful disclosure claim under Section 7431(a)(1). ECF No. 31 at 11–15. But, as the Government Defendants acknowledge, Section 7431 does not define the term "employee of the United States." *Id*. at 8. Given this, the Court must interpret this term as it is "'understood by common-law agency doctrine,'" to determine the scope of the Government's waiver of sovereign immunity in this case. *Cilecek v. Inova Health Sys. Servs*., 115 F.3d 256, 259 (4th Cir. 1997) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992)).

As the district court in *Biden v. IRS* recognized:

> It is true . . . that a waiver of the Government's sovereign immunity will be strictly construed , in its scope, in favor of the sovereign. To give effect to this requirement, any ambiguities in the statutory language are to be construed in favor of immunity. Yet Courts must still use traditional interpretive tools to determine the scope of Congress' waiver.

752 F. Supp. 3d at 109 (citation modified). Similarly, here, the Court does not find anything in the plain language of Section 7431 to preclude the application of common law principles to understand the scope of the Government's waiver of sovereign immunity for wrongful disclosures committed by employees of the United States. And so, the Court joins other courts that have found that "[t]here is no reason . . . [that the control test] would not apply to the waiver of sovereign immunity found in § 7431(a)," which similarly "reaches torts committed by federal employees with access to confidential return information." *Id*.; *see also Staub v. Proctor Hosp*., 562 U.S. 411, 418 (2011) (noting that when interpreting federal tort law, courts should "consult general principles of . . . agency law, which form the background against which federal tort laws are enacted").

In sum, the consolidated class action complaint contains sufficient factual allegations to show that Mr. Littlejohn was an employee of the IRS when the wrongful disclosures at issue in this case occurred. While the Plaintiffs must ultimately prove these factual allegations to prevail on their wrongful disclosure claim against the Government Defendants, they need not do so at

17

this stage in the litigation.  And so, the Court DENIES the Government Defendants' motion to dismiss Count I of the consolidated class action complaint.

B.    **The Plaintiffs State A Plausible Claim Against Booz Allen**

The Court also declines to dismiss the wrongful disclosure claim brought against Booz Allen in Count II of the consolidated class action complaint.  In its motion to dismiss this claim, Booz Allen argues that the Court should dismiss the Plaintiffs' wrongful disclosure claims for two reasons: (1) the text of Section 7431(a)(2) forecloses the Class Plaintiffs' vicarious liability theory in this case and (2) Booz Allen cannot be found vicariously liable for Mr. Littlejohn's actions under the facts alleged in the consolidated class action complaint.  ECF No. 38-1.  Both arguments are unconvincing.

First, the Court does not read the text of Section 7431(a)(2) to preclude a wrongful disclosure claim under a vicarious liability theory.  As discussed above, Section 7431(a)(2) of the Internal Revenue Code allows a taxpayer to bring a civil action for damages against any "person" who is not an employee of the United States, who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer" in violation of 26 U.S.C. § 6103.  26 U.S.C. § 7431(a)(2).  In this regard, Section 6103(a) provides that "no other person (or officer or employee) who has had access to returns or return information . . . shall disclose any return or return information obtained by him in any manner . . . ."  26 U.S.C. § 6103(a)(3).  Given this language, the Court has previously held that a plaintiff may pursue a wrongful disclosure claim against an employer under Section 7431(a)(2), based upon a vicarious liability theory.  *Warren*, 2025 WL 580362, at *6.[3]

Booz Allen has also not shown that the Plaintiffs are unable to establish vicarious liability based upon the facts of this case.  As Booz Allen correctly observes an employer may be vicariously liable for the tortious actions of its employee when the employee acts within the scope of his or her employment.  ECF No. 38-1 at 14; *see also* Restatement (Third) of Agency §§

---

[3] The Court also observes that the term "person" in Sections 6103 and 7431 appear to reflect Congress's intent that this term could include the employer of the individual who engaged in the wrongful disclosure. In fact, the text of Section 7431(a)(2) references a "person" who is not an "employee" of the United States.  26 U.S.C. § 7431 (a)(2).  As discussed above, Section 7431(a)(1) similarly attaches liability to the employer of an employee of the United States, because the United States may be sued for civil damages if this statute is violated.  26 U.S.C. § 7431(a)(1).  The prohibition on disclosure in Section 6103(a)(3) also applies to "no other person (or officer or employee)."  26 U.S.C. § 6103(a)(3).  And so, the Court reads these statutes to permit claims brought under a vicarious liability theory.

18

2.04, 7.07 (2006). The consolidated class action complaint contains sufficient factual allegations to show that Mr. Littlejohn was acting within the scope of his employment with Booz Allen when he disclosed the Plaintiffs' tax returns and return information. *See* ECF No. 24 at ¶ 15. Given this, the facts in the consolidated class action complaint, taken as true, are sufficient to show that Mr. Littlejohn was a Booz Allen employee and that he was acting within the scope of his employment when he accessed and disclosed the Plaintiffs' tax returns and return information.

To show that Mr. Littlejohn's actions benefited Booz Allen, the Plaintiffs also allege that Mr. Littlejohn accessed and disclosed their tax returns and return information, "in part to benefit Booz Allen, because Booz Allen requested that he do so as part of his work on Booz Allen contracts." *Id*. at ¶ 47. In addition, the Plaintiffs further allege that Booz Allen caused the unlawful disclosures at issue in this case, by, among other things: (1) providing Mr. Littlejohn with unrestricted and unmonitored access to IRS databases; (2) failing to establish safeguards to protect confidential government information; (3) "willfully or negligently failing to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiffs' and class members' confidential taxpayer information from the unlawful inspections and disclosures alleged in this complaint"; and (4) "willfully fail[ing] to adequately supervise the activities of . . . Mr. Littlejohn." ECF No. 24 at ¶¶ 1, 29–36 and 90.

Again, accepting these factual allegations as true, the Plaintiffs have sufficiently alleged facts to state a wrongful disclosure claim against Booz Allen under Sections 6103(a) and 7431(a)(2). And so, the Court also DENIES Booz Allen's motion to dismiss Count II of the consolidated class action complaint. Fed. R. Civ. P. 12(b)(6).

## V.   CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the Government Defendants' motion to dismiss (ECF No. 31) and

(2) **DENIES** Booz Allen's motion to dismiss (ECF No. 38);

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

19