**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SAFE HARBOR INTERNATIONAL LLC *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOOZ ALLEN HAMILTON INC. *et al.*,<br><br>Defendants. | Case No. 8:25-cv-00139-LKG<br><br>Dated: September 24, 2026<br><br>*This Document Relates to ALL Cases* |

**PROTECTIVE ORDER**

On July 24, 2026, the parties filed a joint motion for protective order. ECF No. 76. The Court **GRANTS** the parties' joint motion (ECF No. 76). The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is **ORDERED**:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from transfer or disclosure by law; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information, including Social Security Numbers; (f) income tax returns or income tax information (including tax return schedules and forms), W-2 forms and

1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) protected health information.[1] Information or documents that are available to the public may not be designated as Confidential Information. This includes information that becomes part of the public domain through no fault of the recipient, as evidenced by a written document; information that the receiving party can show by written document was in the recipient's rightful and lawful possession at the time of disclosure; or information that lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

3. **Designation.**

(a) A party may reasonably and in good faith designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL"

---

[1] Protective health information shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a bona fide, good-faith certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4. **Depositions.**

(a) Unless all parties agree on the record at the time the deposition testimony is taken to a different protocol (such as designating the entirety of the transcript Confidential, subject to a meet and confer if the non-defending Party proposes to publicly file with consent portions of the transcript), all deposition testimony taken in this case shall be treated as Confidential Information until 21 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise agreed by the Parties or ordered by the Court.

(b) Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any

purpose whatsoever other than in this litigation, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including IRS counsel, in-house counsel employed by a party to this action, and the paralegal, clerical, secretarial, and trial technology staff employed by such counsel to assist in the preparation and trial of this action;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, mediators appointed by the Court or agreed to by the parties, or experts employed by the parties or counsel for the parties to assist in the preparation and

trial of this action, including jury consultants, mock trial personnel, participants in a mock trial or jury exercise, and any staff of jury consultants or mock trial personnel, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. In the event of a mock trial or jury exercise, any information marked "Confidential" shall immediately be returned to counsel of record after that mock trial or jury exercise;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. After a witness's deposition is noticed, a party may request the designating party's consent to disclose to the witness Confidential Information relevant to their potential testimony in advance of the deposition. The designating party shall respond in writing within seven (7) days of this notification and shall not unreasonably withhold or delay its consent. If the designating party objects, it shall state the grounds for its objection, and counsel shall confer in good faith to resolve the dispute.

(8) **Author or recipient.** The author, editor, contributor, or recipient of the document (not including a person who received the document in the course of litigation), and any individual due to their position that was entitled to receive or review materials designated under this Order; and

(9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six months after the termination of the case.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Filing of Confidential Information with the Court.** The parties shall cooperate to avoid or minimize the need to file pleadings under seal, while also cooperating to avoid the public disclosure of Confidential Information. On those occasions when filing under seal is unavoidable because the filing includes Confidential Information, the filing party shall follow the

procedures set out in the applicable rules for the filing of sealed documents.

9. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection, or by agreement of the parties.

10. **Challenges by a Party to Designation as Confidential Information.**

(a) A party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A party may challenge a confidentiality designation or insufficient designation at any time, and a party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.

(b) Any party wishing to challenge a confidentiality designation assigned by another party or other person ("objecting party") with respect to any material shall give notice by email or other written communication of such objection to counsel for the designating party. The objecting party shall explain the basis for its position that the confidentiality designation was improper. The designating party shall respond in writing within ten (10) business days of this notification and explain the grounds for asserting that the document or information is confidential. If the designating party does not respond in writing within ten (10) business days of the notification, the materials shall be presumptively determined to be non-confidential information. If the designating party makes a timely response, counsel shall confer in good faith in an effort to resolve the dispute.

(c) If no resolution is reached, the objecting party may move the Court for an order removing such protected material from the restrictions of this Protective Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden

rests upon the designating party to demonstrate the propriety of such designation. Until the parties or the Court resolve a challenge to the confidentiality designation, the confidentiality designation shall remain in full force and effect.

11. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.

A party that intends to present Confidential Information at a hearing or trial shall provide reasonable advance notice to the other parties by email. Any party may then seek direction from the Court regarding the use of the Confidential Information, and the Court may thereafter make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. **Protections Extended to Non-Parties' Confidential Information**

(a) **Application to Non-Party:** The Parties agree to extend the provisions of this Order to Confidential Information produced by any individual or entity that is not a named plaintiff or defendant in a pleading ("Non-Party") or to any discovery requested from a Non-Party for use by the Parties. A Non-Party's completion of the certification contained in the "Acknowledgement of Understanding and Agreement to be Bound" (Attachment A) and service of it on the Parties to the Lawsuit shall confirm the application of this Order to that Non-Party.

(b) **Notice to Non-Party:** In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Order, the relevant discovery request(s), and a reasonably specific description of the information requested, and,

(3) Make the information requested available for inspection by the Non-Party, if requested. If the Non-Party requests to inspect the information, the producing Party must inform the requesting Party within seven days.

(c) Protection Sought or Not Sought by the Non-Party: If the Non-Party fails to seek a Protective order from this Court within fourteen days of receiving notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that it subject to the confidentiality agreement with the Non-Party before a determination by this Court. Absent court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Information.

(d) Non-Party Information for Class Notice Plan. The procedures set forth in Paragraph 14(b) and 14(c) shall not apply to Confidential Information used to implement and complete a Court-approved notice plan pursuant to Fed. R. Civ. P. 23(c) or Fed. R. Civ. P. 23(e).

15. **Challenges by Non-Parties to Sealing Orders.** If a Non-Party challenges the sealing of particular documents that have been filed under seal, the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** At the conclusion of this litigation

(including any appeals), all material designated confidential pursuant to paragraph 3 above shall either be destroyed or returned to the designating party within sixty (60) days after the conclusion of the litigation, except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, (c) one copy of all correspondence and exhibits thereto, (d) one copy of all deposition transcripts and exhibits thereto, (e) one copy of each expert report and any exhibits thereto, and (f) each set of written discovery requests and responses, provided that all material designated confidential pursuant to paragraph 3 is maintained in accordance with the provisions hereof.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, court papers, trial transcripts, and exhibits. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

(e) **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19. **Limitations on Order.**

(a) Nothing in this Order shall prohibit any party from using its own documents or information in any manner.

(b) Nothing in this Order shall be construed as limiting the scope of discovery, restricting any party's discovery rights under the Federal Rules of Civil Procedure, or restricting the introduction of materials into evidence (this Order does, however, restrict whether the evidence is introduced publicly or under seal, as set forth herein).

(c) Nothing in this Order shall prevent any party from requesting an amendment to this Order, should the moving party feel this Order is hampering its efforts to prepare for trial. The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

20. **Qualified Protective Order Under HIPAA.** This Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce un-redacted documents and records requested in this action. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501, including, but not limited to, information related to: (a) the past, present, or future physical or mental condition of Plaintiffs, (b) the provision of care to Plaintiffs, (c) the payment for care provided to Plaintiffs. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized

to disclose protected health information requested in this action to all attorneys in this action. The parties and their attorneys shall be permitted to use the protected health information only in connection with this litigation, including, but not limited to, disclosure to the parties and their attorneys, insurers, experts, and consultants, the Court, necessary Court personnel, Court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process. All protected health information produced or disclosed in the action shall be used solely for the prosecution or defense (including any appeal therefrom) of the action and shall not be used for any other purpose.

21. **Inadvertent Production of Privileged or Otherwise Protected Material.** When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that may provide for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SAFE HARBOR INTERNATIONAL LLC, BELPOINTE SLEEPOVATION INVESTMENT, LP, ALARM CONCEPTS, INC., SHELBY LOWMAN, and CEDRICK WILLIAMS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

BOOZ ALLEN HAMILTON INC., INTERNAL REVENUE SERVICE, and U.S. DEPARTMENT OF THE TREASURY,

Defendants.

Case No. 8:25-cv-00139-LKG

*This Document Relates to ALL Cases*

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____________in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the above-referenced Court in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern. The undersigned understands that he or she is to retain all materials designated as confidential in a secure manner and that all such materials are to remain in his/her personal custody until the completion of his/her

assigned duties. At the completion of the undersigned's duties, all such materials, including any copies thereof and any writings prepared by the undersigned containing any Confidential Information, are to be returned to counsel who provided the undersigned with such materials or are to be destroyed.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________________

Job Title: ______________________________________

Employer: ______________________________________

Business Address: ______________________________

______________________________

______________________________ ______________________________

Date Signature